IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROLANDO KRAMER,

Plaintiff,                                           ORDER

v.
                                                     25-cv-1012-wmc
UNITED STATES OF AMERICA,

Defendant.

Plaintiff Rolando Kramer, who is representing himself while incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), filed this lawsuit against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging negligence by prison health services staff at the Federal Correctional Institution in Talladega, Alabama ("FCI-Talladega"), where plaintiff was previously confined.  (Dkt. #1.) He also identifies several health care providers employed at FCI-Talladega as "additional defendants," though they are not listed in the caption of his complaint.  (*Id*. at 7.)  Because the Western District of Wisconsin is not the proper venue, the court will transfer this case to the Northern District of Alabama, Eastern Division, for the reasons explained below.

Plaintiff's suit against the United States is subject to a specific venue statute:  "[A]ny civil action on a tort claim against the United States . . . may be prosecuted *only* in the judicial district where the plaintiff resides or wherein the act or omissions complained of occurred."  28 U.S.C. § 1402(b) (emphasis added).  For purposes of venue, a party is "deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). "Domicile" has two elements: (1) physical presence or residence in a state;

and (2) an intent to remain in the state. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Because domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile. Thus, in the Seventh Circuit a prisoner's domicile before he was imprisoned is presumed to remain his domicile while he is incarcerated. *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2012); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991).

Court records reflect that Kramer was convicted and sentenced to imprisonment for conspiracy to possess with intent to distribute a controlled substance in Miami, Dade County, in the Southern District of Florida. *United States v. Kramer*, No. 1:21cr20069 (S.D. Fla. Jan. 6, 2022). This suggests that Florida was his domicile before he was imprisoned. Plaintiff includes no other allegations establishing that his domicile is elsewhere. By contrast, plaintiff's claims concern acts or omissions that occurred during his confinement at FCI-Talladega, which is in Talladega County, Alabama. Talladega County is within the territorial jurisdiction of the Northern District of Alabama, Eastern Division. 28 U.S.C. § 81(a)(4). Because plaintiff does not allege facts establishing that his current location at FCI-Oxford is his domicile, and the events underlying his lawsuit plainly occurred in Alabama, his lawsuit was not properly filed here.

Under 28 U.S.C. § 1404(a), a court may transfer a case for the convenience of parties and witnesses, in the interest of justice, to any other district or division in which the case might have been brought. Because a substantial part if not all of the events or omissions giving rise to plaintiff's claims occurred at FCI-Talladega, venue is proper in the Northern District of Alabama. 28 U.S.C. § 1402(b). Moreover, the court notes that all of

2

the individual defendants, potential witnesses, and records of plaintiff's medical care are likely to be located in Alabama, and that Alabama law will apply to plaintiff's negligence claims. 28 U.S.C. § 1346(b); *Stratmeyer v. United States*, 67 F.3d 1340, 1345 (7th Cir. 1995) ("FTCA jurisdiction lies in federal courts, but the federal defendant's actions are governed by the substantive law of the state where the act or omission occurred.") Therefore, in the interest of justice and for the convenience of the parties and witnesses, the court will transfer this case to the Northern District of Alabama.

## ORDER

IT IS ORDERED THAT:

1. The Clerk of Court shall transfer this case to the Northern District of Alabama, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

2. Plaintiff's motion for appointment of counsel (dkt. #4) is DENIED.

3. The plaintiff should file all further pleadings and correspondence related to this case in the Northern District of Alabama once he receives notice of the new civil action number.

Entered this 11th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3